**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| CARTIER GRAY,<br><br>                Plaintiff,<br><br>v.<br><br>DTM POWERSPORTS,<br><br>                Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>No. 25-5974 (KMW-SAK)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Cartier Gray's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he has a monthly income of $50.00 and no expenses. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court **GRANTS** the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

Plaintiff commenced this action against Defendant DTM Motorsports (Compl., ECF No. 1) on May 28, 2025, alleging violations of "the Bill of Exchange Act," the Uniform Commercial Code ("U.C.C."), and breach of contract. (*Id.* at ¶¶ 1-2, 4, 16-27.) Plaintiff alleges that Defendant "refused to honor two properly executed commercial instruments presented as payment for two motorcycles." (*Id.* at 1.) Plaintiff alleges that Defendant provided him offers to purchase two motorcycles, which he purportedly accepted by tendering "Notices/tender of payments" pursuant to the "Bills of Exchange Act," which constituted "valid and enforceable bills of exchange." (*Id.*, ¶¶ 8, 11-12.)

Federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id.* at *1 n.2. To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy being over $75,000.00. *Id.* at *1.

Here, although Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff does not point to any violation of federal law or the Constitution of the United States. (*See* ECF No. 1). "[E]ven though New Jersey has adopted the Uniform Commercial Code (U.C.C.), *see* N.J. Stat. Ann. § 12A:1-101 *et seq.*, any claim brought pursuant to New Jersey's U.C.C. would arise under state rather than federal law." *Pinckney v. Somerset Prob. C.S. Enf't*, No. CV 24-5681 (RK) (RLS), 2024 WL 3401555, at *2 (D.N.J. July 12, 2024). Moreover, the "Bills of Exchange Act" is not a law of the United States but of the United Kingdom. *See Wallace v. Sallie Mae Bank*, No. 23-22600, 2024 WL 3409445, at *3 (D.N.J. July 15, 2024); *In re Kirschenbaum's Est.*, 44 N.J. Super. 391, 398 (App. Div. 1957); *see also Buckley v. T-Mobile, USA Inc.*, No. CV 24-4229, 2024 WL 4008751, at *3 (E.D. Pa. Aug. 29, 2024) (finding the Bill of Exchange Act "does not provide a federal cause of action and the United Kingdom law has 'no application' in the United States."). Furthermore, as Plaintiff avers that all parties are citizens of New Jersey, this Court may not exercise subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*Id.*)

Accordingly, the Court will dismiss the Complaint without prejudice. Therefore,

IT IS HEREBY on this 14th day of **August**, 2025

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-2) is **GRANTED**; and further

**ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this order to address the deficiencies noted herein; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE